IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**QUNTELLER GOMILLER**     **PLAINTIFF**

**V.**     **NO. 4:23-CV-75-DMB-JMV**

**GREENWOOD LEFLORE HOSPITAL,
DIRECTOR OF HUMAN RESOURCES
MARGARET BUCHANAN, and
JOHN DOES 1-5**     **DEFENDANTS**

**OPINION AND ORDER**

Greenwood Leflore Hospital and Margaret Buchanan move to dismiss Qunteller Gomiller's race discrimination and retaliation claims for failure to state a claim upon which relief can be granted. Because Gomiller failed to plead sufficient facts to maintain such claims, the motion to dismiss will be granted but Gomiller will be allowed to seek leave to amend the complaint as to certain claims.

**I
Procedural History**

On April 27, 2023, Qunteller Gomiller filed a complaint in the United States District Court for the Northern District of Mississippi against Greenwood Leflore Hospital ("GLH"), Director of Human Resources Margaret Buchanan, and John Does 1–5. Doc. #1. The complaint contains four counts: (1) "Title VII - Racial Discrimination" (Count I), (2) "Title VII - Retaliation" (Count II), (3) "42 U.S.C. § 1981 - Intentional Race Discrimination" (Count III), and (4) "42 U.S.C. § 1981 - Retaliatory Discharge" (Count IV). *Id.* at PageID 5–7. Gomiller seeks declaratory relief, compensatory and punitive damages, and "attorney's fees, costs, and expenses of litigation." *Id.* at PageID 7–8.

On June 27, 2023, GLH and Buchanan jointly filed a motion to dismiss Gomiller's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Doc. #3. The motion is fully briefed. Docs. #4, #11, #16.

## II
## Standard

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, "a complaint must present enough facts to state a plausible claim to relief. A plaintiff need not provide exhaustive detail to avoid dismissal, but the pleaded facts must allow a reasonable inference that the plaintiff should prevail." *Mandawala v. Ne. Baptist Hosp.*, 16 F.4th 1144, 1150 (5th Cir. 2021) (internal citation omitted). Dismissal is proper if the complaint fails to allege the "ultimate elements" of a claim. *See Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 470 (5th Cir. 2016).

In evaluating a motion to dismiss, "[t]he court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Serrano v. Customs & Border Patrol*, 975 F.3d 488, 496 (5th Cir. 2020) (quoting *Lone Star Fund V (U.S.) LP v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)). The Court "accept[s] all well-pleaded facts as true and construe[s] the complaint in the light most favorable to the plaintiff." *Heinze v. Tesco Corp.*, 971 F.3d 475, 479 (5th Cir. 2020) (citation omitted). But the Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* (citations omitted).

## III
## Factual Allegations

GLH is "a licensed medical facility in Leflore County, Mississippi," and at all relevant times, Margaret Buchanan was "employed as [its] Director of Human Resources." Doc. #1 at

PageID 1. Qunteller Gomiller, an African American woman, was hired as a Medical Lab Assistant at GLH on or about September 30, 2021. *Id.* at PageID 2.

On September 15, 2022, Gomiller met with Buchanan to "discuss the issue with her 'red' hair color." *Id.* at PageID 3. During the meeting, Buchanan "rudely stated 'we don't do red hair here. Red hair is not allowed at this hospital'" and "summoned another coworker, Tamara, into her office to present a current copy of the dress code policy." *Id.* Buchanan "highlighted the portion where it states '[e]xtreme hair colors are not permissible,' and instructed [Gomiller] not to return to work the next day."[1] *Id.* The next day, Gomiller contacted her supervisor to inquire about returning to work but was informed that "'as long as [her] hair is red, they're not allowing you back.'" *Id.* Prior to her termination on September 15, Gomiller "had the same hair color for three (3) consecutive months, without any issue or disciplinary action from any supervising authority, in relation to the color of her hair,"[2] "had not experienced any negative incidents," and had not received "any form of infractions." *Id.* at PageID 2–3.

On January 20, 2023,[3] Gomiller filed a charge of discrimination against GLH with the Equal Employment Opportunity Commission ("EEOC") alleging that her termination was based on her race.[4] *Id.* at PageID 4; Doc. #3-1.[5] She also alleged that "several Black employees … have

---

[1] Gomiller asked for written documentation of the conversation but was refused. Doc. #1 at PageID 3.

[2] "No one in a supervisory position has ever spoken to [Gomiller] about … the color of her hair" and "[s]he was never afforded the opportunity or option to remedy the issue with her hair color." Doc. #1 at PageID 3.

[3] The complaint alleges Gomiller filed an EEOC charge of discrimination on November 1, 2022. *See* Doc. #1 at PageID 4. But the EEOC charge attached to the motion to dismiss reflects Gomiller "[d]igitally signed" the EEOC charge on January 20, 2023. *See* Doc. #3-1. Because Gomiller attached the same document to her response to the motion to dismiss, *see* Doc. #10-1, the Court uses the date of Gomiller's digital signature.

[4] In the EEOC charge, Gomiller states she "was informed that [she] was discharged for violation of company policy as it relates to extreme hair color" and "believe[s] that [she has] been discriminated against … based on [her] race (Black)." Doc. #3-1.

[5] "[D]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Carter v. Target Corp.*, 541 F. App'x 413, 416 (5th Cir. 2022) (citation omitted).

3

been allowed to wear extreme hair colors … and they are still employed." Doc. #3-1. On January 27, 2023, the EEOC closed its investigation and issued a Notice of Right to Sue[6] to Gomiller stating that it "makes no determination about whether further investigation would establish violations of the statute." Doc. #1 at PageID 4.

IV
**Analysis**

In her complaint, Gomiller asserts (1) a Title VII race discrimination claim; (2) a Title VII retaliation claim, (3) a § 1981 race discrimination claim, and (4) a § 1981 retaliatory discharge claim. *Id.* at PageID 5–7. In their motion to dismiss, GLH and Buchanan submit that (1) hair color is not a protected class under Title VII or 42 U.S.C. § 1981; (2) Buchanan cannot be held liable individually under Title VII or § 1981; (3) they are not liable for retaliation because Gomiller did not file a charge of retaliation; and (4) alternatively, Gomiller did not engage in any protected activity. Doc. #3 at 1.

**A. Claims Against GLH**

**1. Race discrimination claims under Title VII and § 1981**

GLH and Buchanan argue Gomiller's Title VII and § 1981 race discrimination claims should be dismissed because hair color is not a protected class under either Title VII or § 1981. Doc. #4 at 3. According to them, "a policy that distinguishes on any [ground other than race] such as hair color, 'is related more closely to the employer's choice of how to run his business than to equality of employment opportunity.'" *Id.* (quoting *Willingham v. Macon Tel. Pub'g Co.*, 507

---

[6] Gomiller alleges the EEOC issued a "determination" on January 27, 2023, and that she filed the complaint within 90 days of her receipt of the Notice of Right to Sue. Doc. #1 at PageID 4. It appears that by "determination" Gomiller refers to the Notice of Right to Sue because the EEOC issues a Notice of Right to Sue when, as here, it closes an investigation. *See* 42 U.S.C. § 2000e-5(f)(1); U.S. Equal Emp. Opportunity Comm'n, *Filing a Lawsuit*, https://www.eeoc.gov/filing-lawsuit (last visited Oct. 16, 2023). GLH and Buchanan never challenge whether Gomiller received a "Notice of Right to Sue" letter. *See generally* Docs. #3, #4, #16.

4

F.2d 1084, 1091 (5th Cir. 1975)). Gomiller responds that because her "Charge of Discrimination directly references instances where her co-workers were permitted to wear shades of blonde, orange, grey, and purple," GLH cannot claim its hair color policy is a matter of how it runs its business. Doc. #11 at PageID 40. GLH and Buchanan reply that Gomiller's response concedes hair color is not a protected class and that neither Gomiller's complaint nor her charge of discrimination asserts a claim of disparate treatment based on race. Doc. #16 at 1–2. Regarding the EEOC charge, GLH and Buchanan submit that "while [Gomiller] did allege in her charge that others were allowed to wear extreme hair color, she claims that the comparators are African American." *Id.* at 2.

Title VII prohibits employment discrimination based on race, color, religion, sex, or national origin. *Boyd v. Corr. Corp. of Am.*, 616 F. App'x 717, 720 (5th Cir. 2015). Section 1981 "bars race discrimination in contracting"[7] and is "designed to include a federal remedy against discrimination in employment on the basis of race." *Adams v. McDougal*, 695 F.2d 104, 108 (5th Cir. 1983) (citing *Johnson v. Ry. Exp. Agency*, 421 U.S. 454, 459–60 (1975)). Because § 1981 discrimination claims are governed by the same standard as Title VII claims, the Court will evaluate these claims of Gomiller together. *Belton v. GEO Grp., Inc.*, No. 21-30144, 2021 WL 5832953, at *4 (5th Cir. Dec. 8, 2021); *Mitchell v. Mills*, 895 F.3d 365, 370 (5th Cir. 2018).

A plaintiff may prove unlawful discrimination through either direct or circumstantial evidence. *Dailey v. Whitehorn*, 539 F. App'x 409, 411 (5th Cir. 2013). Where, as here,[8] a plaintiff relies on circumstantial evidence of race discrimination, her claims are evaluated under the *McDonnell Douglas* burden shifting framework. *Id.* Under that framework, the plaintiff must first

---

[7] *Perry v. VHS San Antonio Partners, LLC*, 990 F.3d 918, 931 (5th Cir. 2021) (emphasis omitted).
[8] *See* Doc. #11 at PageID 39–40.

establish a prima facie case of discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). If the plaintiff makes a prima facie case, "the burden shifts to the employer to produce a legitimate, non-discriminatory reason for the adverse employment action. If the defendant produces such a reason," the burden shifts back to the plaintiff to "demonstrate that the defendant's proffered reason was a pretext for discrimination." *Boyd v. Miss. Dep't of Pub. Safety*, 751 F. App'x 444, 448 (5th Cir. 2018) (internal citation omitted).

To establish a prima facie case of race discrimination under Title VII or § 1981, a plaintiff must show that she

> (1) is a member of a protected group; (2) was qualified for the position at issue; (3) was discharged or suffered some adverse employment action by the employer; and (4) was replaced by someone outside [her] protected group or was treated less favorably than other similarly situated employees outside the protected group.

*Ernst v. Methodist Hosp. Sys.*, 1 F.4th 333, 339 (5th Cir. 2021) (citation omitted).

Here, the defendants do not dispute that Gomiller is a member of a protected group, was qualified for the position, or suffered an adverse employment action. Rather, they argue hair color is not a protected characteristic and that Gomiller fails to identify replacement or similarly-situated comparators outside her protected group. Doc. #4 at 3; Doc. #16 at 1–2. The Court agrees. The complaint does not allege facts regarding any such comparators. And while Gomiller's EEOC charge alleges "several *Black* employees … have been allowed to wear extreme hair colors in shades of blonde, orange, grey/purple and they are still employed" at GLH, *see* Doc. #3-1 at PageID 15 (emphasis added), they are not outside Gomiller's protected class. Consequently, Gomiller fails to allege sufficient facts to establish a prima facie case of race discrimination under Title VII and under § 1981. *See Olivarez v. T-mobile USA, Inc.*, 997 F.3d 595, 600 (5th Cir. 2021) (affirming dismissal of Title VII discrimination claim because the plaintiff failed to allege facts indicating less favorable treatment than others similarly situated but outside the protected class);

*Lyles v. Tex. Alcohol Beverage Comm'n*, 379 F. App'x 380, 384 (5th Cir. 2010) (African American plaintiff replaced by another African American failed to present prima facie case of race discrimination). So the motion to dismiss will be granted with respect to the race discrimination claims against GLH.

### 2. Retaliation claims under Title VII and § 1981

In seeking dismissal of Gomiller's retaliation claims, GLH and Buchanan argue that Gomiller failed to exhaust all administrative remedies before filing suit in federal court. Doc. #4 at 4. Specifically, they argue Gomiller's EEOC charge does not allege retaliation because she "did not claim retaliation in the box where she was to identify the basis of her claim, and she did not put any claim of retaliation in the narrative of her EEOC charge." *Id.* at 6. In the alternative, GLH and Buchanan argue Gomiller did not engage in any protected activity. *Id.*

Gomiller responds that she exhausted her administrative remedies because "the substance of the allegations in her factual statement and supplemental information [in her EEOC charge] could reasonably result in an investigation for retaliatory discharge" and that "she engaged in the protected activity of voicing and filing a complaint." Doc. #11 at PageID 41, 42. In reply, GLH and Buchanan contend that the substance of Gomiller's charge is a "plain and simple race discrimination claim" and does not contain any claim of retaliation or engagement in protected activity. Doc. #16 at 3.

A plaintiff in an employment discrimination case must exhaust administrative remedies before pursuing claims in federal court. *Jefferson v. Christus St. Joseph Hosp.*, 374 F. App'x 485, 489 (5th Cir. 2010). "[E]xhaustion occurs when the plaintiff files a timely charge with the EEOC and receives a statutory notice of right to sue." *Garcia v. Penske Logistics, LLC*, 631 F. App'x 204, 207 (5th Cir. 2015) (citation omitted). A charge is timely when it is filed within 180 days

7

after the alleged unlawful employment practice.[9] 42 U.S.C. § 2000e-5(e)(1); *Harding v. Huntington Ingalls Indus.*, No. 1:15-cv-274, 2015 WL 6812242 at *1 (S.D. Miss. Nov. 5, 2015).

EEOC charges are liberally construed. *McClain v. Lufkin Indus.*, 519 F.3d 264, 273 (5th Cir. 2008). However, an EEOC charge does not properly exhaust a claim unless the claim "could have been reasonably … expected to grow out of the charge of discrimination." *Jefferson*, 374 F. App'x at 490 (citation and quotation marks omitted); *Pacheco v. Mineta*, 448 F.3d 783, 789 (5th Cir. 2006). Because discrimination and retaliation are distinct claims, the Fifth Circuit has held a failure to reference a retaliation claim in an EEOC charge for discrimination or allege any facts putting the EEOC on notice of a retaliation investigation constitutes failure to exhaust the retaliation claim. *Bouvier v. Northrup Grumman Ship Sys., Inc.*, 350 F. App'x 917, 921 (5th Cir. 2009); *Anderson v. Venture Exp.*, 694 F. App'x 243, 247 (5th Cir. 2017).

Gomiller filed an EEOC charge of discrimination on January 20, 2023—128 days after her September 15, 2022, termination—and alleges she filed the complaint within 90 days of receiving the Notice of Right to Sue. *See* Doc. #3-1; Doc. #1 at PageID 4. However, Gomiller's EEOC charge states the basis for discrimination is "[r]ace"—not retaliation—and the narrative portion of the charge does not describe retaliation.[10] Doc. #3-1. Since Gomiller's EEOC charge does not

---

[9] U.S. Equal Emp. Opportunity Comm'n, *Timeliness*, https://www.eeoc.gov/field-office/mobile/timeliness (last visited Oct. 16, 2023) ("In the State of Mississippi, an individual has 180 days from the date of alleged harm to file a charge with this office against an employer with 15 or more employees for discrimination based on race, color, national origin, sex, religion, and/or disability.").

[10] Gomiller's EEOC charge makes no reference to retaliation. The full text of its narrative portion states:

> I was hired on September 30, 2021, as a Medical Lab Assistant. On September 15, 2022, I was discharged. I was informed that I was discharged for violation of company policy as it relates to extreme hair color. I believe that I have been discriminated against in violation of Title VII of the Civil Rights Act of 1964 as amended based on my race (Black). There are several Black employees who have been allowed to wear extreme hair colors in shades of blonde, orange, grey/purple and they are still employed. I was allowed to wear my strawberry red hair color for approximately three months before the HR Director terminated my employment.

Doc. #3-1 (cleaned up).

8

reference her retaliation claims, she has failed to exhaust her administrative remedies for her retaliation claims. *See Bouvier*, 350 F. App'x at 921 (EEOC charge of sex discrimination which did not reference possible claim of retaliation failed to exhaust administrative remedies for retaliation claim); *Anderson*, 694 F. App'x at 247 (plaintiff failed to exhaust his administrative remedies by failing to include retaliation claim in his EEOC charge, either by checking the retaliation box or describing retaliation). Gomiller's retaliation claims against GLH are properly dismissed.[11]

### B. Buchanan's Individual Liability

#### 1. Title VII claims

GLH and Buchanan move to dismiss all Title VII claims against Buchanan individually, arguing that "as a matter of law, [she] is not subject to Title VII liability" because "only 'employers,' not individuals acting in their individual capacity who do not otherwise meet the definition of 'employers' can be liable under Title VII." Doc. #4 at 3 (quoting *Grant v. Lone Star Co.*, 21 F.3d 649, 652 (5th Cir. 1994) (citation omitted)). In response, Gomiller explicitly concedes that Buchanan may not be held individually liable under Title VII.[12] Doc. #11 at PageID 40. Accordingly, these claims against Buchanan will be dismissed.

#### 2. Section 1981 claims

GLH and Buchanan move to dismiss the § 1981 claims against Buchanan individually for the same reasons they move to dismiss the § 1981 claims against GLH. Doc. #4 at 3, 6. As explained above, because Gomiller failed to sufficiently allege proper comparators outside her

---

[11] Because the Court finds Gomiller failed to exhaust all administrative remedies for her retaliation claims, it need not consider whether she sufficiently pled engagement in a protected activity.

[12] In her response memorandum, Gomiller initially states that "Individual Defendant, Margaret Buchanan, is liable for her misconduct under Title VII and/or 42 U.S.C. § 1981" but later states "Buchanan cannot be held liable individually under Title VII." Doc. #11 at PageID 37, 40.

9

protected group, her § 1981 race discrimination claim against Buchanan will be dismissed. And because Gomiller failed to exhaust all administrative remedies for her retaliation claims, the motion to dismiss the § 1981 retaliation claim against Buchanan will be granted too.

### C. Leave to Amend

In her response to the defendants' motion to dismiss, Gomiller "requests leave to amend her complaint." Doc. #11 at PageID 42. The defendants reply that Gomiller should not be granted leave to amend because leave "may be denied" "when a plaintiff seeks leave to amend in an opposition pleading and fails to apprise the district court of the facts that would be pleaded in the amended complaint to cure any deficiencies." Doc. #16 at 4.

The request to amend in Gomiller's response is contrary to Local Rule 7(b)(3)(C)'s provision that "[a] response to a motion may not include a counter-motion in the same document." And the defendants are correct that Gomiller's failure to submit a proposed amended complaint is fatal to her request for leave to amend. *See* L.U. Civ. R. 15 ("If leave of court is required under Fed. R. Civ. P. 15, a proposed amended pleading must be an exhibit to a motion for leave to file the pleading …."). However, courts "should provide at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the plaintiff[] … [is] unwilling or unable to amend in a manner that would avoid dismissal." *Dierlam v. Trump*, 977 F.3d 471, 478 n. 44 (5th Cir. 2020) (cleaned up). Gomiller has not previously amended her complaint. But she is unable to amend to avoid dismissal of her retaliation claims because, as explained above, the time has passed to properly exhaust administrative remedies for those claims by filing an EEOC charge. *See Reece v. Hamm*, No. 19-669, 2021 WL 4480989, at *9 (M.D. La. Sept. 29, 2021) (leave to amend should not be granted because "the Court lacks subject matter jurisdiction absent exhaustion of administrative remedies."). Consequently, Gomiller's retaliation claims against GLH and

Buchanan will be dismissed with prejudice. However, Gomiller's race discrimination claims against GLH and Buchanan will be dismissed without prejudice with Gomiller given an opportunity to seek leave to amend them.

## V
## Conclusion

GLH and Buchanan's motion to dismiss [3] is **GRANTED**. The retaliation claims are **DISMISSED with prejudice** and the race discrimination claims are **DISMISSED without prejudice**. Within fourteen (14) days of the entry of this order, Gomiller may seek leave to amend her complaint with respect to her race discrimination claims.[13]

**SO ORDERED**, this 15th day of November, 2023.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[13] If Gomiller does not seek leave to amend or if the Court ultimately determines amendment would be futile, the claims will be dismissed with prejudice.

11