**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**QUNTELLER GOMILLER** **PLAINTIFF**

**V.** **NO. 4:23-CV-75-DMB-JMV**

**GREENWOOD LEFLORE HOSPITAL, DIRECTOR OF HUMAN RESOURCES MARGARET BUCHANAN, and JOHN DOES 1–5** **DEFENDANTS**

**ORDER**

Qunteller Gomiller objects to United States Magistrate Judge Jane M. Virden's order denying her motion for leave to amend her complaint. Because allowing the proposed amended complaint would be futile, Gomiller's objection will be overruled and judgment will be entered dismissing this case with prejudice.

**I**
**Procedural History**

On April 27, 2023, Qunteller Gomiller filed a complaint in the United States District Court for the Northern District of Mississippi against Greenwood Leflore Hospital ("GLH"), Director of Human Resources Margaret Buchanan, and John Does 1–5. Doc. #1. The complaint contained four counts: (1) "Title VII - Racial Discrimination" (Count I), (2) "Title VII - Retaliation" (Count II), (3) "42 U.S.C. §1981 - Intentional Race Discrimination" (Count III), and (4) "42 U.S.C. §1981 - Retaliatory Discharge" (Count IV). *Id.* at PageID 5–7. On November 15, 2023, the Court granted GLH and Buchanan's Rule 12(b)(6) motion, dismissing with prejudice the retaliation claims, dismissing without prejudice the race discrimination claims, and permitting Gomiller to seek leave to amend the complaint with respect to the race discrimination claims. Doc. #22 at 11. The Court warned Gomiller that if it "ultimately determines amendment would be futile, the [race

discrimination] claims will be dismissed with prejudice." *Id.* at 11 n.13. Six days later, Gomiller filed a motion to amend her complaint and separately filed a proposed amended complaint that asserts only race discrimination claims under Title VII and § 1981 against the same defendants. Docs. #24, #25. GLH and Buchanan responded in opposition to the motion to amend on December 13, 2023. Doc. #31. Gomiller did not reply.

On January 18, 2024, United States Magistrate Judge Jane M. Virden entered an order denying Gomiller's motion to amend as futile. Doc. #33. Gomiller filed an objection to the order on January 31, 2024. Doc. #34. GLH and Buchanan responded to the objection on February 6, 2024. Doc. #36. Gomiller did not reply.

## II
## Standard

Pursuant to Federal Rule of Civil Procedure 72(a), "[a] party may serve and file objections to the order [of a magistrate judge] within 14 days after being served with a copy." Fed. R. Civ. P. 72(a). "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.*; *see* 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider [an order of a magistrate judge] where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."). "The 'clearly erroneous' standard requires that the court affirm the decision of the magistrate judge unless 'on the entire evidence [it] is left with a definite and firm conviction that a mistake has been committed.'" *Landmark Am. Ins. Co. v. Port Royal by the Sea Condo. Owners Ass'n*, 619 F. Supp. 3d 719, 722 (S.D. Tex. 2022) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). "A finding is contrary to law if it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Barbini v. First Niagara Bank, N.A.*, 331 F.R.D. 454, 459 (S.D.N.Y. 2019)

(cleaned up). So questions of law are reviewed under the de novo standard. *Moore v. Ford Motor Co.*, 755 F.3d 802, 806 (5th Cir. 2014).

When denial of a motion to amend a complaint is based on the futility of amendment, "the same standard of legal sufficiency … under Rule 12(b)(6)" applies. *Ariyan, Inc. v. Sewerage & Water Bd. of New Orleans*, 29 F.4th 226, 229 (5th Cir. 2022). Under Rule 12(b)(6), "a complaint must present enough facts to state a plausible claim to relief. A plaintiff need not provide exhaustive detail to avoid dismissal, but the pleaded facts must allow a reasonable inference that the plaintiff should prevail." *Mandawala v. Ne. Baptist Hosp.*, 16 F.4th 1144, 1150 (5th Cir. 2021) (internal citation omitted). "If the complaint, as amended, would be subject to dismissal, then amendment is futile." *Ariyan, Inc.*, 29 F.4th at 229.

## III
## Analysis

In objecting to the denial of her motion to amend, Gomiller argues that she "has pleaded more than a plausible claim" and "[t]he facts of the case are … sufficient to create an inference that [she] was discriminated against due to her race." Doc. #35 at PageID 155. GLH and Buchanan respond that Gomiller's objection "failed to present any new arguments or basis demonstrating [her] ability to amend … in a manner that would avoid dismissal." Doc. #37 at 3.

To establish a claim for unlawful discrimination under Title VII or § 1981,[1] a plaintiff may present either direct or circumstantial evidence. *Dailey v. Whitehorn*, 539 F. App'x 409, 411 (5th Cir. 2013). Where, as here, the plaintiff relies on circumstantial evidence of race discrimination, her claims are evaluated under the *McDonnell Douglas* burden shifting framework. *Id.* Under that framework, the plaintiff must first establish a prima facie case of discrimination. *McDonnell*

[1] Title VII and § 1981 discrimination claims are governed by the same standard. *Belton v. GEO Grp., Inc.*, No. 21-30144, 2021 WL 5832953, at *4 (5th Cir. Dec. 8, 2021).

*Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). If the plaintiff makes a prima facie case, "the burden shifts to the employer to produce a legitimate, non-discriminatory reason for the adverse employment action. If the defendant produces such a reason," the burden shifts back to the plaintiff to "demonstrate that the defendant's proffered reason was a pretext for discrimination." *Boyd v. Miss. Dep't of Pub. Safety*, 751 F. App'x 444, 448 (5th Cir. 2018) (internal citation omitted).

To establish a prima facie case of race discrimination under Title VII or § 1981 a plaintiff must show that she

> (1) is a member of a protected group; (2) was qualified for the position at issue; (3) was discharged or suffered some adverse employment action by the employer; and (4) was replaced by someone outside [her] protected group or was treated less favorably than other similarly situated employees outside the protected group.

*Ernst v. Methodist Hosp. Sys.*, 1 F.4th 333, 339 (5th Cir. 2021) (quoting *Stroy v. Gibson*, 896 F.3d 693, 698 (5th Cir. 2018)). "Although plaintiffs do not have to submit evidence to establish a prima facie case of discrimination at the pleading stage, they must plead sufficient facts on all of the ultimate elements to make their case plausible." *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 766 (5th Cir. 2019) (cleaned up).

GLH and Buchanan did not dispute that the original complaint sufficiently alleged that (1) Gomiller, an African American woman, is a member of a protected group; (2) she was qualified for her position; and (3) she suffered an adverse employment action when she was terminated "due to her 'hair color.'"[2] *See* Doc. #4 at 3; Doc. #16 at 1–2. But this Court dismissed without prejudice the race discrimination claims because Gomiller failed to allege facts identifying similarly situated comparators outside her protected group. Doc. #22 at 6–7. In the attempt to cure this deficiency,

[2] Doc. #1 at PageID 2.

Gomiller seeks to amend her complaint by adding these allegations with respect to the race discrimination claims:[3]

> Plaintiff Gomiller was unaware at any time that she violated the HR Code, as multiple women of Hispanic and White Ethnicities were allowed to keep red hair while employed with Defendants GLH. (See Exhibit B). Further, red hair is a natural hair color occurring in women.
>
> …
>
> Plaintiff Gomiller was terminated because of her hair, yet other Employees with red, and even green hair were allowed to keep their respective positions. (See Exhibit B)

Doc. #25 at PageID 104, 107 (paragraph numbering omitted). Gomiller's Exhibit B consists of eight photographs of purported GLH employees[4] and one photograph of Gomiller.[5] Doc. #25 at PageID 110–18. Judge Virden determined that the proposed amendments "do not plausibly demonstrate" similarly situated comparators exist because "the undated untitled photos [in Exhibit B] are obviously either taken at a Halloween/costume party (not while on duty), are not of red hair, or are simply not illustrative of extreme hair color that is similar to [Gomiller]'s." Doc. #33 at PageID 149.

"For … comparator[s] to be similarly situated, … they must be 'under nearly identical circumstances.'" *Coleman v. Kijakazi*, No. 21-10399, 2023 WL 2660167, at *2 (5th Cir. Mar. 28, 2023) (quoting *Lee v. Kansas City S. Ry. Co.*, 574 F.3d 253, 260 (5th Cir. 2009)). "Nearly identical circumstances" exist where

---

[3] The other proposed changes to the original complaint (1) remove the dismissed retaliation claims; (2) revise the phrase "thirteen (13) prior to September 28, 2022" to "eleven (11) months after she was hired;" (3) change the phrase "rudely stated" to "aggressively stated" to describe Buchanan's September 15, 2022, conversation with Gomiller; and (4) revise the phrase "in relation to the color of her hair" to "about the color of her hair." *Compare* Doc. #1 *with* Doc. #25.

[4] The first photograph captioned "Hispanic Woman with red hair color" and the fifth photograph captioned "Hispanic Employee of GLH with red hair" appear to depict the same person. Doc. #25 at PageID 110, 113. All other Exhibit B photographs, except the photograph of Gomiller, states "White Employee of GLH" in the caption. *Id.* at 110–118.

[5] Each photograph appears twice in Exhibit B for a total of 18 photographs. Doc. #25 at PageID 110–27.

> the employees being compared held the same job or responsibilities, shared the same supervisor or had their employment status determined by the same person, and have essentially comparable violation histories. And, critically, the plaintiff's conduct that drew the adverse employment decision must have been "nearly identical" to that of the proffered comparator who allegedly drew dissimilar employment decisions.

*Lee*, 574 F.3d at 260 (citations and footnotes omitted).

Regarding similarly situated comparators, the new allegations in the proposed amended complaint quoted above do not establish that any of the persons depicted in Exhibit B held the same job or shared the same supervisor as Gomiller.[6] And one of the Exhibit B photographs, by its caption, depicts a GLH employee at a costume party, which does not plausibly demonstrate identical conduct to that which Gomiller alleges resulted in her termination.[7] Doc. #25 at PageID 112.

The Fifth Circuit has cautioned that "scrutinizing whether [a plaintiff's] fellow employees were really 'similarly situated' … [is] more suited to the summary judgment phase," *Cicalese*, 924 F.3d at 768, but at the pleading stage a plaintiff must still "allege sufficient facts to 'nudge their claims across the line from conceivable to plausible,'" *Harris v. Louisiana*, No. 22-897, 2024 WL 1834370, at *4 (M.D. La. Apr. 26, 2024) (quoting *Cicalese*, 924 F.3d at 768). Because Gomiller's proposed amended complaint does not allege facts establishing "nearly identical" circumstances, it fails to plausibly allege the existence of a satisfactory comparator. *See Coleman*, 2023 WL 2660167, at *2 (plaintiff failed to plead less favorable treatment than similarly situated employees

---

[6] The proposed amended complaint alleges that Gomiller was a "Medical Lab Assistant" at GLH, but it does not identify the positions of the other persons depicted in Exhibit B. Doc. #25 at PageID 103, 110–18. And although it identifies Gomiller's supervisor as "Supervisor Doe," it does not identify the supervisor of the other persons depicted in Exhibit B. *Id.* at PageID 104, 110–18.

[7] The proposed amended complaint alleges that Gomiller was "told that the grounds for her termination were due to her 'hair color,'" and she "had the same hair color for three (3) consecutive months" "[b]efore her termination." *Id.* at PageID 103, 104.

by failing to allege facts showing nearly identical circumstances). Accordingly, allowing Gomiller to amend would be futile because her proposed amended complaint fails to state a claim for relief.

## IV
## Conclusion

Because the conclusions in the order denying Gomiller leave to amend are neither clearly erroneous nor contrary to law, Gomiller's objection [34] is **OVERRULED**. Having determined that the proposed amendment would be futile, a judgment will be issued dismissing this case with prejudice. *See* Doc. #22 at 11 n.13.

**SO ORDERED**, this 15th day of May, 2024.

**/s/Debra M. Brown**
**UNITED STATES DISTRICT JUDGE**